IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH SIEMER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2458 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Michael Joseph Siemer has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court conviction. The respondent has filed a motion for summary judgment, arguing that Siemer is not entitled to federal habeas corpus relief because his petition is barred by the governing one-year statute of limitations. (Doc. #10). Siemer has not filed a reply, and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On May 10, 1995, Siemer pled guilty to charges of sexual assault of a child in cause number 9420151. As a result, the 208th District Court of Harris County, Texas, placed Siemer on deferred adjudication community supervision (*i.e.*, deferred adjudication probation) for a term of ten years. In doing so, the trial court imposed conditions on Siemer's probation, including the requirement that he attend "sex offender counseling," and

it also ordered that the local probation office place him in the "intensive, specialized" supervision program designed for sex offenders. The trial court further prohibited "unsupervised contact" between Siemer and "any young men under age 21." On August 4, 1995, the trial court modified Siemer's conditions of probation to clarify that he was to have "no unsupervised contact with anyone under [the] age of 21 at any time, in any circumstance (work, home, family & friends, etc.)." On August 11, 1998, the trial court further amended Siemer's conditions of probation to expressly require his participation in the Texas Sex Offender Registration Program.

On May 10, 1999, the State filed a motion to revoke Siemer's probation and to adjudicate his guilt on the grounds that he violated the terms and conditions of his supervised release. After a hearing on June 15, 1999, the trial court granted the State's motion, adjudicated Siemer guilty of the underlying offense of sexual assault of a child, and sentenced him to serve twenty years in prison. Siemer filed a direct appeal from the adjudication of his guilt, which the intermediate appellate court dismissed for lack of jurisdiction. *See Siemer v. State*, Nos. 14-99-00848-CR & 14-99-00849-CR (Tex. App. — Houston [14th Dist.] Nov. 30, 2000). The Texas Court of Criminal Appeals refused his petition for discretionary review on September 12, 2001.

Siemer, who remains incarcerated, filed the pending federal habeas corpus petition on July 15, 2005. Siemer raises a total of nine claims to challenge his underlying guilty plea in 1995, the Texas Sex Offender Registration Program conditions imposed in 1998, and the

adjudication of his guilt in 1999.[1]  Noting that Siemer's federal habeas corpus petition was not filed until July 15, 2005, the respondent argues that relief is barred by the governing one-year statute of limitations.  The parties' contentions are discussed below under the governing standard of review.

## II.  STANDARD OF REVIEW

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case."  *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

---

[1] Specifically, Siemer complains that his underlying guilty plea was involuntary because: (1) it was based on vague, overly broad, and impermissible conditions of supervised release; (2) he was misinformed about his right to appeal; (3) he was not admonished properly about the rights he was waiving or the consequences of his plea in the event of an adjudication of guilt; and (4) he was not admonished that he would be required to register as a sex offender.  In a separate claim, Siemer complains that his required participation in the Texas Sex Offender Registration Program violated the Eighth Amendment's prohibition against cruel and unusual punishment.  Siemer also challenges the adjudication of his guilt, arguing that the revocation of his probation should be set aside because: (1) the adjudication of his guilt was based on vague, overly broad, and impermissible conditions of supervised release; (2) his counsel failed to provide reasonably effective assistance of counsel during the adjudication hearing by objecting to the vague conditions of supervised release; (3) Article 42.12, § 5 of the Texas Code of Criminal Procedure is unconstitutional because it deprives defendants of a meaningful appeal from the adjudication of guilt; and (4) the twenty-year prison sentence imposed violated the Double Jeopardy Clause.

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted). All facts and inferences are viewed "in the light most favorable to the nonmoving party[.]" *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citation omitted). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (citation omitted). "A fact issue is material if its resolution could affect the outcome of the action." *Id.* (citation omitted).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *see also Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."). Likewise, the nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman*, 369 F.3d at 860 (citations omitted). In the absence of proof, a reviewing court will not assume that the nonmovant could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

Siemer, who is represented by counsel, has not responded to the summary judgment

4

motion. According to this Court's local rules, responses to motions are due within twenty days, S.D. TEX. R. 7.3, unless the time is extended. Any failure to respond is taken as a representation of no opposition. S.D. TEX. R. 7.4. The Court specifically directed the petitioner to respond within thirty days to any dispositive motion filed by the respondent or face dismissal for want of prosecution. (Doc. #2, ¶ 6). Notwithstanding the petitioner's failure to respond, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). In that regard, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the reviewing court may not grant the motion regardless of whether any response was filed. *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is warranted, the district court may accept as undisputed the facts set forth in the unopposed motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## III. ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The one-year statute of limitations applies to all federal habeas corpus petitions filed after the AEDPA's

effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because the pending habeas corpus petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005). Siemer's challenge to his underlying guilty plea in 1995, the Texas Sex Offender Registration Program conditions imposed in 1998, and the adjudication of his guilt in 1999 are examined separately below.

    **A.**    **Siemer's Guilty Plea**

Several of Siemer's claims challenge the validity of his guilty plea entered on May 10, 1995, and the conditions of probation that were imposed on that same date. To the extent that Siemer challenges his 1995 guilty plea and the conditions imposed on his supervised release, the statute of limitations for federal habeas corpus review for these claims began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Texas, a defendant placed on deferred adjudication community supervision must appeal any issue relating to the original plea hearing at the time he is placed on deferred adjudication. *See Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999); *see also Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005) (holding that a sentence of deferred adjudication community supervision in Texas is a "final" judgment that triggers the statute of limitations). Because Siemer pled guilty and received his sentence of deferred adjudication on May 10, 1995, his time to appeal expired thirty days later on or about June 11, 1995. *See* TEX. R. APP. P. 26(a)(1).

Siemer's guilty plea and sentence of deferred adjudication probation became a final judgment before the AEDPA became effective on April 24, 1996. Habeas petitioners whose convictions became final before April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Accordingly, Siemer had until April 24, 1997, to seek federal habeas corpus relief from his guilty plea and sentence of deferred adjudication. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). The claims found in Siemer's pending federal habeas corpus petition, filed on July 15, 2005, are late by at least eight years and are therefore time-barred unless an exception applies.

    1.    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Siemer filed a state application for a writ of habeas corpus on December 6, 2002, which the Texas Court of Criminal Appeals denied on April 27, 2005. As noted above, however, the limitations period for Siemer's claims concerning his guilty plea and the conditions of supervised release expired on April 24, 1997. Because his state habeas corpus proceeding was filed after the limitations period had already expired for these claims, it has no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Siemer has not alleged that he was subject to state action that impeded him from filing

his claims in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### 2. Equitable Tolling

The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

According to the record, Siemer made no effort to appeal or to otherwise challenge

his 1995 guilty plea and the conditions imposed on his supervised release until well after his probation was revoked in 1999. This record does not reflect that Siemer acted with the requisite diligence or that he was prevented by any extraordinary circumstance from asserting his claims in a timely manner. Thus, Siemer has not shown that he is entitled to equitable tolling with respect to his claims concerning the guilty plea and the conditions imposed on his supervised release. The Court concludes, therefore, that Siemer's claims concerning the validity of his guilty plea and the conditions imposed as a result of that plea are barred by the statute of limitations.

### B. Texas Sex Offender Registration

At least two of Siemer's claims concern the condition of probation that was added on August 11, 1998, requiring his participation in the Texas Sex Offender Registration Program. Although it appears that Siemer was already bound by the 1995 conditions of probation requiring intensive supervision of the sort reserved for sex offenders, the statute of limitations for this claim arguably began to run at "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Because the additional registration requirement was imposed on August 11, 1998, the statute of limitations for Siemer's claims concerning the Texas Sex Offender Registration Program expired one year later on August 11, 1999. Because Siemer did not seek federal habeas corpus review until July 15, 2005, his claim concerning the Texas Sex Offender Registration Program is late. Moreover, for the same reasons outlined above, Siemer fails to demonstrate that he fits within a statutory or equitable

exception to the limitations period. Accordingly, Siemer's claims concerning the Texas Sex Offender Registration Program are barred by the statute of limitations.

### C. Siemer's Adjudication of Guilt

At least four of Siemer's claims concern the revocation of his deferred adjudication probation and the attendant adjudication of his guilt on June 15, 1999, which resulted in a twenty-year prison sentence. The statute of limitations for federal habeas corpus review of these claims began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Siemer did file an appeal from the adjudication of his guilt. After Siemer's direct appeal was dismissed for lack of jurisdiction, the Texas Court of Criminal Appeals refused his petition for discretionary review on September 12, 2001. Although Siemer did not file a petition for a writ of certiorari, his time to do so expired ninety days later on December 11, 2001. That date triggered the statute of limitations, which expired one year later on December 11, 2002. Because Siemer did not seek federal habeas corpus review until July 15, 2005, his claims are time-barred unless an exception applies.

#### 1. Statutory Tolling

Five days before the statute of limitations expired, Siemer filed a state application for a writ of habeas corpus on December 6, 2002. The Texas Court of Criminal Appeals denied relief on April 27, 2005.[2] Because the statute of limitations on Siemer's challenge to the

---

[2] Siemer was indicted separately for indecency with a child in cause number 9420142. Siemer pled guilty to this charge as well on May 10, 1995, and was placed on deferred adjudication
(continued...)

10

adjudication of his guilt did not expire until December 11, 2002, Siemer is entitled to tolling for the time during which this application for collateral review was pending. *See* 28 U.S.C. § 2244(d)(2). The amount of tolling attributable to this application, however, extended the limitations period for federal habeas corpus review only until May 3, 2005 at the latest. Thus, even with statutory tolling Siemer's federal habeas corpus petition, filed on July 15, 2005, remains untimely and he does not invoke any other statutory exception.

### 2. Equitable Tolling

Siemer argues that he is entitled to equitable tolling because the attorney that he hired to pursue state and federal habeas corpus review neglected to act promptly after his state habeas application was denied on April 27, 2005. Siemer presents a letter from his attorney, dated May 5, 2005, in which counsel explains to his client that the writ was due on or before May 3, 2005, but that this "has not been accomplished" because he did not receive notice that the writ was denied "until several days" after the Texas Court of Criminal Appeals issued its April 27, 2005 decision. Thus, Siemer argues that he is entitled to equitable tolling because his attorney did not receive notice in time to file a federal writ within the limitations period.

The Fifth Circuit has decided that an attorney's deceptive misrepresentations about

---

[2](...continued)
    for this offense also. Although this probation was also revoked in that case, Siemer apparently obtained state habeas corpus relief from the Texas Court of Criminal Appeals from the adjudication of his guilt in that case. *See Ex parte Siemer*, No. AP-75158, 2005 WL 992022 (Tex. Crim. App. April 27, 2005). Accordingly, his conviction for indecency with a child in cause number 9420142 is not properly before this Court for federal habeas corpus review.

whether he filed a petition can warrant equitable tolling. *See United States v. Wynne*, 292 F.3d 226, 230-31 (5th Cir. 2002). The Fifth Circuit has also held, however, that mere attorney error or neglect cannot justify equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003); *see also Salinas v. Dretke*, 354 F.3d 425, 431-32 (5th Cir.) (finding no abuse of discretion for failing to equitably toll the limitations period for attorney error in light of the holding in *Cousin*), *cert. denied*, 541 U.S. 1032 (2004). The circumstances in this case do not reflect any intentional misrepresentation on the part of Siemer's attorney. Nor does it appear that Siemer's attorney missed the deadline because of an error in calculating the limitations period. Rather, the federal limitations deadline was missed because of delay in receiving notice from the Texas Court of Criminal Appeals.

Significantly, the letter from Siemer's attorney shows that he knew on or before May 5, 2005, that the Texas Court of Criminal Appeals had denied state habeas relief on April 27, 2005. Even if the Court were to award equitable tolling until May 5, 2005, Siemer did not file a federal habeas corpus petition until July 15, 2005. Siemer fails to allege or show what actions he took to pursue federal habeas corpus relief during this time, and he offers no explanation for this delay.

There is an additional reason that equitable tolling is not justified in this case. It is undisputed that Siemer delayed filing a state habeas corpus application until there were only five days remaining on the limitations period for federal habeas corpus review. It is well established in this circuit that equitable tolling is not available where, as here, the petitioner

squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000). "[E]quity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 403 (citing *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)), *cert. denied*, 531 U.S. 1164 (2001)). Because Siemer did not diligently pursue his rights, he is not entitled to equitable tolling.

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[3] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given the petitioner's apparent lack of diligence in this case, the Court concludes that Siemer's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period. The respondent's motion for summary judgment

---

[3] The Court notes, however, that the Texas Court of Criminal Appeals rejected Siemer's claims based on findings of fact made by the same state district court judge who presided over the original guilty plea and who also presided over the motion to adjudicate Siemer's guilt. Siemer does not clearly show that the state court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

on this issue is granted.

**IV.     CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

14

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim for the denial of a constitutional right. Accordingly, a certificate of appealability will not issue in this case.

**V.     CONCLUSION AND ORDER**

For these reasons, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. #10) is **GRANTED**.

2. This federal habeas corpus proceeding is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **April 11, 2006.**

_____
Nancy F. Atlas
United States District Judge